**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1354

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN RAFAEL GRANADOS-ORTIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Kayatta, Circuit Judges.

Raymond L. Sanchez-Maceira on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, and Francisco
A. Besosa-Martínez, Assistant United States Attorney, on brief for
appellee.

January 27, 2020

**BOUDIN**, **Circuit Judge**. Kevin Rafael Granados-Ortiz pled guilty to one count of conspiracy to possess with intent to distribute cocaine and was sentenced to 121 months in prison. On appeal, he challenges his sentence as procedurally unreasonable. He challenges his plea on the grounds that he did not enter into his plea agreement knowingly and voluntarily.

Granados-Ortiz was charged with five counts of crimes relating to distribution at drug points located within the Columbus Landing Public Housing Project in Mayaguez, Puerto Rico: conspiracy to distribute narcotic drug controlled substances, aiding and abetting in the distribution of cocaine, crack cocaine, and marijuana, and conspiracy to possess firearms in furtherance of drug trafficking crimes.

Granados-Ortiz pled guilty to the first count--conspiracy to distribute controlled substances--and admitted the following: that he "was a member of the drug trafficking organization that operated at Columbus Landing Public Housing Project"; that he "conspired to possess with intent to distribute at least 2.0 kilograms but less than 3.5 kilograms of cocaine"; that he "decked the marihuana, cocaine and cocaine base for further distribution at the drug points"; and that he "collected the proceeds of the drug sales from other co-conspirators, and paid the sellers." In exchange, the prosecution agreed to dismiss the remaining charges.

The parties agreed on a total offense level of 29: This reflected various adjustments from a base offense level of 26, given the quantity of cocaine involved, including a two-level enhancement for being an "[o]rganizer, leader, manager or supervisor" in the conspiracy.  They then agreed to "recommend to the Court a sentence of imprisonment at a total offense level of 29, and not lower than 92 months if Defendant's [criminal history category] is I or II."  The judge was not bound by these proposals. Compare Fed. R. Crim. P. 11(c)(1)(A)–(B)(not binding), with Fed. R. Crim. P. 11(c)(1)(C)(binding).

Granados-Ortiz agreed to an appeal waiver that would apply only if he was "sentenced in accordance with the terms and conditions set forth" in this sentencing recommendation provision, but we have determined that this appeal waiver was not triggered, because the sentencing judge derived Granados-Ortiz's sentence from a total offense level of 30 rather than the agreed-upon offense level.  See United States v. Almonte-Nuñez, 771 F.3d 84, 88 (1st Cir. 2014).  Thus the waiver issue falls out of the case. What remains disputed is the court's determination, recommended by the probation officer, that Granados-Ortiz receive a three-level adjustment as a "manager or supervisor" of an "extensive" conspiracy.  U.S.S.G. § 3B1.1(b).  Although Granados-Ortiz disputes the determination, it was clearly correct.

As the district court said, the defendant was "entrusted with managing the money that was collected from the sale of drugs." "[H]e's supervising sellers; he receives the money back, and has to make a tally of how much was sold vis-a-vis how much was received.    He's paying the sellers. . . . [s]o there's a supervisory capacity."   With the three-level enhancement and a sentencing range of 108-135 months, the court sentenced Granados-Ortiz to 121 months.

Granados-Ortiz argues that he did not enter into the plea agreement knowingly and voluntarily, see United States v. Chambers, 710 F.3d 23, 27–28 (1st Cir. 2013), because he was not informed that the government could recommend a sentence higher than 92 months, and the government here recommended a sentence of 121 months.   Even putting aside his failure to raise the issue below, see United States v. Ortiz-Álvarez, 921 F.3d 313, 317 (1st Cir. 2019), the government never agreed to recommend a sentence of only 92 months.   If the defendant thought otherwise, he was mistaken.

**Affirmed.**